UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:19-CV-00086-GNS-HBB

**UNITED STATES OF AMERICA**                                                                 **PLAINTIFF**

**VS.**

**ESTATE OF CLORINE BROWN**                                                                 **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

Before the Court is the motion of Plaintiff United States of America for leave to file a First Amended Complaint Adding Known and Unknown Heirs (DN 20).  There has been no Response from Defendant Estate of Clorine Brown.  For the reasons set forth below the motion (DN 20) is **DENIED**.

### Nature of the Case

On July 2, 2019 the United States filed its Complaint *in rem* against the Defendant Estate (DN 1).  The Complaint alleged that Clorine Brown, the Estate's decedent, executed a promissory note in favor of the Department of Agriculture, Rural Development, as well as a mortgage securing the indebtedness.  The United States contended that the note was in default and sought foreclosure on the securing real estate.

The United States moved for entry of default (DN 10).  On November 27, 2019 the Clerk entered a default in the court record (DN 11).  The United States then moved for default judgment against the Estate (DN 12) and on January 10, 2020 the Court entered an *in rem* judgment and order of sale (DN 13).  The United States proceeded to sell the property and on August 12, 2021

filed a notice of sale (DN 15). The United States next moved to approve the sale and confirm the deed (DN 17), and on September 20, 2021 the Court entered an order confirming the sale and approving the deed (DN 18) and executed a deed of conveyance (DN 19).

### The Motion to Amend the Complaint

Although the sale of the property and transfer of title have been consummated, the United States asserts that, at the time Ms. Brown died, she did so without benefit of a will. As such, her rights and title to the real estate vested in her heirs, subject to the United States' mortgage interest. Only the Estate was named as a party to the Complaint. The United States seeks to amend the Complaint to name Ms. Brown's heirs so as "to address any potential title issues while also allowing the purchaser to retain the purchaser's interest in the property" (DN 20, p. 2).

### Discussion

Final judgment has been entered in this case. As such, amendment of the Complaint under Fed. R. Civ. P. 15 is no longer available. "The Sixth Circuit has explained that a party seeking to amend the complaint after entry of judgment must 'first mov[e] to alter, set aside or vacate judgment pursuant to either Rule 59 or Rule 60 of the Federal Rules of Civil Procedure.'" Gillis v. Miller, No. 14-CV-12518, 2016 U.S. Dist. LEXIS 99941, *2 (E.D. Mich. Aug. 1, 2016) (*quoting* Morse v. McWhorter, 290 F.3d 795, 799 (6th Cir. 2002)). "That is, 'instead of meeting only the modest requirements of Rule 15, the claimant must meet the requirements for reopening a case established by Rule 59 or 60.'" Id. (*quoting* Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv., 616 F3d 612, 616 (6th Cir. 2010)); *see also* Simpson v. US Bank Nat'l Ass'n, No. 3:13-CV-325, 2013 U.S. Dist. LEXIS 88700, *4 (M.D. Tenn. June 25, 2013). Here, the United States has not moved to reopen the case and satisfy the requirements for reopening a case in Rule 59 or Rule 60.

For this reason, **IT IS HEREBY ORDERED** that the United States' motion to amend the Complaint (DN 20) is **DENIED**.

December 16, 2021

H. Brent Brennenstuhl
United States Magistrate Judge

Copies: Counsel of Record