UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:19-CV-00086-GNS-HBB

UNITED STATES OF AMERICA                                    PLAINTIFF

V.

ESTATE OF CLORINE BROWN                                     DEFENDANT

## MEMORANDUM OPINION AND ORDER

Before the Court is the motion of Plaintiff the United States (DN 22) for reconsideration of the Order denying its Motion for Leave to Amend the Complaint (DN 21).

### BACKGROUND

On July 2, 2019, the United States filed its Complaint *in rem* against the Defendant Estate (DN 1). The Complaint alleged that Clorine Brow n, the Estate's decedent, executed a promissory note in favor of the Department of Agriculture, Rural Development, as well as a mortgage securing the indebtedness. The United States contended that the note was in default and sought foreclosure on the securing real estate.

The United States moved for entry of default (DN 10). On November 27, 2019, the Clerk entered a default in the court record (DN 11). The United States then moved for default judgment against the Estate (DN 12), and on January 10, 2020, the Court entered an *in rem* judgment and order of sale (DN 13). The United States proceeded to sell the property and on August 12, 2021, filed a notice of sale (DN 15). The United States next moved to approve the sale and confirm the deed (DN 17), and on September 20, 2021 the Court entered an order confirming the sale and approving the deed (DN 18) and executed a deed of conveyance (DN 19).

On November 15, 2021, the United States filed a motion for leave to amend the Complaint (DN 20).  Although the sale of the property and transfer of title had been consummated, the United States asserted that, at the time Ms. Brown died, she did so without benefit of a will (Id. at p. 1).  As such, her rights and title to the real estate vested in her heirs, subject to the United States' mortgage interest (Id.).  Only the Estate was named as a party to the Complaint (DN 1).  The United States sought to amend the Complaint to name Ms. Brown's heirs so as "to address any potential title issues while also allowing the purchaser to retain the purchaser's interest in the property" (DN 20, p. 2).

The undersigned issued an order denying the motion to amend.  The undersigned reasoned as follows:

> Final judgment has been entered in this case.  As such, amendment of the Complaint under Fed. R. Civ. P. 15 is no longer available. "The Sixth Circuit has explained that a party seeking to amend the complaint after entry of judgment must 'first mov[e] to alter, set aside or vacate judgment pursuant to either Rule 59 or Rule 60 of the Federal Rules of Civil Procedure.'" Gillis v. Miller, No. 14-CV-12518, 2016 U.S. Dist. LEXIS 99941, *2 (E.D. Mich. Aug. 1, 2016) (quoting Morse v. McWhorter, 290 F.3d 795, 799 (6th Cir. 2002)). "That is, 'instead of meeting only the modest requirements of Rule 15, the claimant must meet the requirements for reopening a case established by Rule 59 or 60.'" Id. (quoting Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv., 616 F.3d 612, 616 (6th Cir. 2010)); see also Simpson v. US Bank Nat'l Ass'n, No. 3:13-CV-325, 2013 U.S. Dist. LEXIS 88700, *4 (M.D. Tenn. June 25, 2013).  Here, the United States has not moved to reopen the case and satisfy the requirements for reopening a case in Rule 59 or Rule 60.

(DN 21, p. 2).


## THE UNITED STATES' MOTION TO RECONSIDER

The United States asks that the Court reconsider the denial of the Motion to Amend the Complaint, stating that the purpose of the amendment is not to attack to underlying judgment,

rather the United States simply seeks to ensure Ms. Brown's heirs receive notice of the foreclosure against their property interests (DN 22).  The United States observes that the purchaser's rights are subject to the claims of Ms. Brown's heirs (Id. at p. 1).  By amending the Complaint, the Court could enter a supplemental judgment addressing the superiority of the United States' mortgage interests over the heirs' interests (Id.).  The United States observes that this approach, "while admittedly less than ideal, would allow the purchaser to preserve the sale, and would be in line with the practice in foreclosure cases both in Kentucky state courts and in other courts outside Kentucky" (Id.).

In support of its argument that amendment of the Complaint is appropriate, the United States asserts that "Kentucky state courts frequently permit plaintiffs to amend foreclosure complaints post-sale to address omitted lienholders" (Id. at p. 2).  The United States has provided the docket sheets from six Kentucky circuit courts involving foreclosure actions (DN 22-1; 22-3; 22-5-9).  In each of those cases, the United States represents the docket sheet demonstrates that the state court permitted a post-sale amendment of the complaint to join inadvertently omitted interested parties.  For one of the cases, the United States also provided a Master Commissioner Report (DN 22-2) and for another case a motion to amend the complaint (DN 22-4) and a motion for supplemental judgment (DN 22-5).  However, no actual documentary orders in those cases were supplied.

In addition, the United States contends the cases cited in the undersigned's Order denying the motion to amend are not controlling in this case (DN 22, p. 4).  The United States asserts that those cases apply to instances in which a party is seeking to amend a complaint after an *adverse* judgment, in which case the party must seek relief through either Rule 59 or 60 of the Federal Rules of Civil Procedure (Id.).  It quotes one of those cases, Gillis v. Miller, 2016 U.S. Dist. LEXIS

99941, *3: "*Gillis* explains the reason for this rule, and thus the context for its applicability: 'If a permissive amendment policy applied after **adverse judgments**, plaintiffs could use the court as a sounding board to discover holes in their arguments, then "reopen the case by amending their complaint to take account of the court's decision."'" (DN 22, p. 5) (emphasis in original).  Here, the Unites States observes, it is not a losing plaintiff seeking to overturn an adverse judgment, rather the United States seeks to supplement the favorable judgment by ensuring that it addresses all property interests normally addressed in a foreclosure action where the borrower is deceased.

With candor, the United States notes that there are cases in which courts have declined to allow post-judgment addition of parties in foreclosure cases.[1]  However, the United States distinguishes these cases as involving intervening lienholders, rather than potential owners with an interest in the property that existed when the case was filed (Id. at p. 6).  The United States notes further that in at least one Kentucky state court opinion the court permitted post-judgment joinder of a lienholder (Id.) (citing Hazel Enters., LLC v. Tax Ease Lien Investments 1, LLC, No. 2014-CA-001821-MR, 2016 Ky. App. Unpub. LEXIS 665, *3 (Ky. App. Sept. 30, 2016)).

Turning to Fed. R. Civ. P. 15(a), the United States observes that courts are to grant leave to amend "freely when justice so requires."  The United States concedes that "clearly, the best time to have addressed the interests of the heirs would have been at the time the complaint was filed, or before the judgment was sought, or before the property was sold" (Id. at p. 7).  Nonetheless, the United States reiterates that granting amendment at this time will work no injustice on the heirs and, to the contrary, will allow them to receive the notice of foreclosure to which they are entitled.[2]

---

1   Deutsche Bank Nat'l Trust Co. v. Dottore, No. 1:07-CV-3359, 2008 U.S. Dist. LEXIS 103971 (N.D. Ohio Dec. 16, 2008); Victory Cmty. Bank v. Kenkel, No. 2015-CA-001657, 2017 Ky. App. Unpub. LEXIS 36 (Ky. App. Jan. 13, 2017); U.S. Bank, NA v. Hasty, 235 S.W.3d 536 (Ky. App. 2007).

2   The United States' motion included a discussion of whether Ms. Brown's heirs are necessary parties to the foreclosure action so that all potential rights might be addressed (DN 22, p. 1-2).  The undersigned agrees that any heirs of the estate have potential interests in the foreclosed property.

DISCUSSION

A motion to reconsider is treated as a motion to alter or amend judgment under Rule 59(e) of the Federal Rules of Civil Procedure.  Inge v. Rock Fin. Corp., 281 F.3d 613, 617 (6th Cir. 2002).  A Rule 59(e) motion may be granted where there is a clear error of law, newly discovered evidence, an intervening change of law, or to prevent manifest injustice.  GenCorp, Inc. v. Am. Int'l Underwriters, 178 F.3d 804, 834 (6th Cir. 1999).  Although the United States does not explicitly state the basis for the motion, the undersigned infers that it argues both clear error of law and manifest injustice.

As to clear error of law, the United States has offered docket sheets and pleadings from various Kentucky state court foreclosure actions for the proposition that the courts have on several occasions granted amendment of a complaint after final judgment in order to join erroneously omitted interested parties.  While this may be true, the submissions do not aid the undersigned. The submissions only demonstrate that the state courts *have* allowed post-judgment amendment of complaints, not *why*, specifically why it was permissible under the procedural rules.  The *why* is the critical component in determining if the undersigned's prior Order represents a clear error of law.

The cases which the United States cites for the proposition that courts sometimes deny motions to amend, and then distinguishes them on the basis that they involved lienholders rather than beneficiaries, offer little guidance in this matter.  Victory Cmty. Bank v. Kenkel, No. 2015-CA-001657, 2017 Ky. App. Unpub. LEXIS 36 (Ky. App. Jan. 13, 2017), and U.S. Bank, NA v. Hasty, 235 S.W.3d 536 (Ky. App. 2007), dealt with denials of motions to set aside judgments under Kentucky's CR 60.02 (analogous to Fed. R. Civ. P. 60), rather than denials of motions to amend the Complaint under CR 15.01 (analogous to Fed. R. Civ. P. 15).  The court in Deutsche

Bank Nat'l Trust Co. v. Dottore, No. 1:07-CV-3359, 2008 U.S. Dist. LEXIS 103971 (N.D. Ohio Dec. 16, 2008), concluded that amendment under Fed. R. Civ. P. 15(d) was not appropriate because the plaintiff offered "no authority for bringing in a new party after judgment under that rule." Id. at *3.  The court further observed that a plaintiff may not enlarge a cause of action after judgment has been entered.  Id.  In the case cited by the United States in support of amendment of the Complaint, Hazel Enters., LLC v. Tax Ease Lien Investments 1, LLC, No. 2014-CA-001821-MR, 2016 Ky. App. Unpub. LEXIS 665, *3 (Ky. App. Sept. 30, 2016), the court focused on the timing of the filing of a *lis pendens* notice of lien and the effect the filing had on the lienholder's rights.  The court observed that "while Hazel Enterprises was joined very late in this action, we find no indication that it suffered any prejudice as a result."  Id. at *6-7.  Absent from the case is any discussion of the propriety of the trial court having "added" Hazel Enterprises as an indispensable party after the sale of the property.  It is also noteworthy that this addition to the action was before the proceeds were distributed, giving rise a question whether the judgment in that case was truly final at the time Hazel Enterprises was joined.

Turning to the cases the undersigned relied upon in ruling on the Motion to Amend the Complaint, the United States is correct in observing that Gillis v. Miller, No. 14-CV-12518, 2016 U.S. Dist. LEXIS 99941 (E.D. Mich. Aug. 1, 2016), and Simpson v. US Bank Nat'l Ass'n, No. 3:13-CV-325, 2013 U.S. Dist. LEXIS 88700, *4 (M.D. Tenn. June 25, 2013), both held that Rule 15 did not permit the amendment of a complaint after an adverse judgment.  The same is true for Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv., 616 F.3d 612, 616 (6th Cir. 2010), upon which Gillis relied.  The United States is also correct in observing that this case does not involve an adverse judgment.  To the contrary, the United States received the relief it sought in its Complaint.  However, Morse v. McWhorter, 290 F.3d 795, 799 (6th Cir. 2002), upon which Gillis also relied,

does not make the same qualification.  The Court simply held that "[f]ollowing entry of final judgment, a party may not seek to amend their complaint without first moving to alter, set aside or vacate judgment pursuant to either Rule 59 or Rule 60 of the Federal Rules of Civil Procedure." Id. at 799.

Exploring the precedent upon which Morse in turn relied, we find that, although those cases involved efforts to amend complaints following adverse judgments, the general statements of law do not distinguish between adverse or favorable judgments.  "Today, we find it consistent with *Jarvis*[3] and consistent with our policy of promoting the finality of judgments to adopt the requirement that, once judgment has been entered in a case, a motion to amend the complaint can only be entertained if the judgment is first reopened under a motion brought under Rule 59 or 60." Lindauer v. Rogers, 91 F.3d 1355, 1357 (9th Cir. 1996) (footnote added).  "Following the entry of final judgment, a party may not seek to amend his complaint until he has successfully moved to alter, set aside or vacate the judgment pursuant to Fed. R. Civ. P. 59(e) or Fed. R. Civ. P. 60." Garner v. Kinnear Mfg. Co., 37 F.3d 263, 270 (7th Cir. 1994).  Another example of non-qualified statements of the principal is found in Auletta v. Ortino (In re Ferro Corp. Deriv. Litig.), 511 F.3d 611 (6th Cir. 2008):

> "Following entry of final judgment, a party may not seek to amend their complaint without first moving to alter, set aside or vacate judgment pursuant to either Rule 59 or Rule 60 of the Federal Rules of Civil Procedure." Morse v. McWhorter, 290 F.3d 795, 799 (6th Cir. 2002); *see also* Nat'l Petrochemical Co. v. M/T Stolt Sheaf, 930 F.2d 240, 244 (2d Cir. 1991) ("once judgment is entered[,] the filing of an amended complaint is not permissible until judgment is set aside or vacated pursuant to Fed. R. Civ. P. 59(e) or 60(b)") (internal punctuation and citation omitted)); In re Gen. Motors Corp. Anti-Lock Brake Prods. Liab. Litig., 174 F.R.D. 444, 446 (E.D. Mo. 1997) ("A complaint cannot be amended after dismissal unless the court first re-opens the judgment under Rule 59 or 60, and then determines that amendment is warranted.").  That is, "[u]nless

---

[3] Jarvis v. Regan, 833 F.2d 149 (9th Cir. 1987)

> postjudgment relief is granted, the district court lacks power to grant a motion to amend the complaint under Rule 15(a) [of the Federal Rules of Civil Procedure]." <u>Acevedo-Villalobos v. Hernandez</u>, 22 F.3d 384, 389 (1st Cir. 1994).

<u>Id.</u> at 624.  One can reasonably assume that a party receiving a favorable judgment would be far less likely to seek amendment of the complaint than a party receiving an adverse judgment.  This likely explains why examples of the former are difficult to find.  While the question may be debatable, the undersigned is not persuaded that his finding that a complaint may not be amended under Rule 15 after entry of final judgement represents a *clear error* of law.

Attention turns next to whether the Order will work a manifest injustice.

> Manifest injustice has been defined as "'[a]n error in the trial court that is direct, obvious, and observable.'"  [<u>United States v.</u> <u>Jarnigan</u>[, No. 3:08-CR-7], 2008 U.S. Dist. LEXIS 101768, 2008 WL 5248172, *2 [(E.D. Tenn. Dec. 17, 2008)] (quoting <u>Tenn.</u> <u>Protection & Advocacy, Inc. v. Wells</u>, 371 F.3d 342, 348 (6th Cir.2004) (alteration in original) (quoting Black's Law Dictionary 974 (7th ed. 1999))).  "[A] showing of manifest injustice requires that there exist a fundamental flaw in the court's decision that without correction would lead to a result that is both inequitable and not in line with applicable policy."  <u>Id.</u> (quoting <u>McDaniel v. Am.</u> <u>Gen. Fin. Servs., Inc.</u>, 2007 U.S. Dist. LEXIS 52217, 2007 WL 2084277, *2 (W.D. Tenn. July 17, 2007)).

<u>United States v. Canal Barge Co.</u>, No. 4:07-CR-12-JHM, 2009 U.S. Dist. LEXIS 17490, *4 (W.D. Ky. Mar. 4, 2009).

The United States has made a very reasonable argument for why permitting the amendment of the complaint to name Ms. Brown's heirs is in the interest of economy and expediency.  It asserts that doing so will allow the purchaser to retain its ownership interest while at the same time provide the heirs with proper notice of the foreclosure action and an opportunity to have any claims addressed, and enable the United States to resolve passage of clear title.  Reasonable as these goals are, the undersigned is nonetheless unpersuaded that the denial of the motion to amend the

Complaint is not in line with applicable policy.  To the contrary, the prior ruling is in line with the policy that final judgments are just that – final – and the proper avenue to change a judgment is through Rules 59 or 60.  Nor is the undersigned persuaded that the ruling is inequitable.  Denial of the motion to amend does not mean that the title will forever be in limbo.  The United States has available a procedure for remedying the title issue through Rules 59 or 60.  Further, the purchaser of the foreclosed property has the option of bringing an action to quiet title in state court under KRS 411.120.  The undersigned would agree that neither of these options are as economical or expedient as the proposed amendment of the Complaint, however those are not the standards against which a motion to reconsider is measured.

**WHEREFORE**, the motion to reconsider (DN 22) is **DENIED**.

**H. Brent Brennenstuhl**
**United States Magistrate Judge**

January 7, 2022

Copies:          Counsel of Record